## SUPERIOR COURT

Tiziano Placello et al.
vs. } No.58288
Antonio Robbio et al.

RESCRIPT

June 30, 1925

CAPOTOSTO, J. This is an action in assumpsit brought by the plaintiff against the defendant for a balance due upon a building contract and extras. The jury having returned a verdict for the plaintiff in the sum of $2234.87, the defendant duly filed a motion for a new trial, alleging the usual grounds. As a matter of fact the defendant's only complaint is that the damages are excessive.

The differences between these parties should have been referred to an auditor and not to a jury, for the issue involved consists of an accounting between the contractor and the owner and nothing more. While this fact was appreciated by the court during the course of the trial, yet the real issue did not become clearly apparent until considerable progress had been made in the trial of the case.

On opposing the defendant's motion, counsel for the plaintiff in substance argues that because the jury's verdict was less than the entire amount claimed, showing that the jury must necessarily have disregarded some items in whole or in part, that, therefore, the court on a motion for a new trial should not disturb its finding as to the amount due, for by doing so the court might again disallow in whole or in part the very item which the jury had already deducted from the original claim.

This argument is unsound in that it overlooks the court's duty, on a motion for a new trial, to pass its judgment upon the evidence and the weight thereof in view of the jury's verdict.

Tiziano and Pasco Placello, father and son, doing business as the Placello Construction Company, entered into a contract on November 1, 1922, to build a dwelling house and stores for the defendant at 372 Cranston street, in the city of Providence, in accordance with certain plans and specifications, for the sum of $16,000. The plaintiff's case rests entirely upon the testimony of the son, Pasco Placello, the father, Tiziano Placello, not testifying. No books, vouchers, memoranda or notes of any kind were produced or used by this witness in presenting his claim. In many places his testimony bordered upon mere generalities, and in at least two instances, referring specifically to his demand for extra compensation for plastering ceiling of driveway and changing floors (items 13 and 16 of bill of particulars), his claim was untenable that it was waived by counsel either during the trial or in argument.

The plaintiff claimed a balance on the contract of $4000, but admitted that the defendant was entitled to a credit for bills paid on plaintiff's account in the sum of $2567.79, leaving an actual balance due him of $1432.21.

The defendant claimed a loss of rental of $984.49 for non-delivery of the premises in accordance with the terms of the contract. The plaintiff admitted his liability, but insisted that the amount should be $460. While the evidence on this point is conflicting, I believe that the plaintiff's claim should be sustained. Deducting $460 from the admitted amount due plaintiff of $1432.21, we have a net balance of $972.21, which the defendant owed the plaintiff on the contract itself.

The plaintiff further seeks to recover a bill of extras amounting in all, according to his twenty items set out in his bill of particulars, to $2294.26. In considering this list of extras we will first eliminate those items which were admitted, either at the trial or in the course of argument on his motion for a new trial, by the defendant or waived by the plaintiff. The defendant admits owing the plaintiff for one "balcony per contract in writing, $180.00," Item 2; one "balcony without contract in writing, $150.00," Item 3; "plate glass, $33.26," Item 10; and does not seriously contest Item 6, "Sewer work done by Riccitelli, $170.00," making a total of $533.26. The plaintiff waived claim to "plastering ceiling of driveway, $79.00," Item 13, and to "Changing floors, $300.00," Item 16, which amount to $379.00. The remaining fourteen items on the plaintiff's bill of particulars are contested by the defendant on the ground either that the work claimed is not an extra or that the charge is excessive. These items the plaintiff must prove by a

fair preponderance of credible testimony in order to establish his claim.

In passing upon this part of the plaintiff's claim the contract, plans and specifications must be read together. Moreover, the testimony of experts is that wherever the plans and specifications conflict or raise a question of interpretation, the requirements of the specifications control.

Item 1. "Hardware installation, $135.00." The plaintiff claims that he offered to do this work by contract for $50; that at the time he made this offer he knew he stood to lose $25 as the work would probably cost him $75; that the defendant did not accept this offer but preferred to instal the hardware himself by using the plaintiff's workmen, and that it took 135 hours at one dollar an hour to do the work. He produced as a witness one Ulderico Decesario, a carpenter, who supported this claim in words but could not substantiate his testimony in any other way. The defendant claimed that he told the plaint'ff to instal the hardware for fifty dollars as suggested by the plaintiff. The experts for the defendant testified that in absence of any specific agreement, the cost of installation of hardware varied from 20 to 50 per cent. of the actual cost of the hardware itself. The hardware in this case cost about $174. In view of all the testimony I find that $87, or 50 per cent. of the cost of the hardware, is ample compensation.

Item 4. "Kawner Company, setting in transoms, $174.00."

The specifications call for "a complete store front frame as manufactured by the Kawner Co. as per detail furnished by the said company." The plans did not indicate a metal setting for the transoms. The plaintiff maintains that the metal setting for the transoms is extra work. The defendant claims that the words, " a complete store front frame," in-

cludes the transoms and that the Kawner product calls for a metal setting for the transoms. I find that the plaintiff's claim in this instance is not supported by the evidence. His claim of $174 is therefore disallowed.

Item 5. "Border in two dining rooms and two parlor floors, $96.00." The only dispute on this item is as to the amount. The plaintiff stated without going into details that it cost $96.00. The defendant says that he had an understanding with the plaintiff to pay him for 40 hours at 90 cents an hour for this work. The plaintiff claimed throughout this case that he paid his carpenters $1 an hour. Fiore D'Ambrosio, testifying for the defendant and whose cross-examination was waived, said that he put in the borders in question and that it took him 40 hours. The plaintiff should be allowed $40 for this work.

Item 7. "Double walls for water closets in store, $124.00." This work concerned a change in the character of the partitions. The claim of the plaintiff is manifestly exaggerated. The defendant's contention is that the plastering was put in at the plaint'ff's own request and for his convenience, that the partitions as originally called for would in fact cost more, that at most the extra charge should be the value of six square yards of work at $1.50 a square yard in each closet. The weight of the evidence supports the defendant's contention. The allowance should be $18 in favor of the plaintiff.

Item 8. "Glucosing walls and ceilings, $73.00." The specifications provide that "it is the intention of these specifications to build a good house in all respects, any material necessary to fully complete the said building and not herein specifically specified or shown on the drawing must be furnished by the contractor at his own expense.' Glucosing or glusizing the walls or ceilings is a preliminary process to painting or papering the same.

The plaintiff maintains that he is not called upon to do this by the contract where the walls are to be papered. The defendant contends that it is within the scope of the contract and further says that to paper a wall without previous glusizing of the surface is in effect an idle waste of time and material for the paper would soon separate from the walls. In view of the wording of the specification and of the testimony at the trial, the plaintiff should not be allowed anything for this item.

Item 9. "Extra windows, two in pantry and four in cellar, $90.00." The weight of the evidence in this instance shows that the materials and work saved fully balanced in value the labor and materials used in the changes made. The plaintiff's statement to the effect that at one time he told the defendant that if there was no disagreement he, the plaintiff, would not make any charge for this work throws some light upon the plaintiff's claim at the present time. This item should be disallowed.

Item 11. "Converting closet into telephone booth, $41.00." The evidence as a whole failed to show that the plaintiff was put to any extra expense by the change made, and, therefore, this item is disallowed."

Item 12. "Covers for wash trays (4), $21.00." The covers in question were made from ordinary roofing board held together by a cleat. The plaintiff's claim is excessive. An allowance of $4 is ample compensation according to the weight of the evidence.

Item 14. "Changing two windows and setting brick, $26.00." Two openings for windows were closed with brick work. The plaintiff kept for his own use the windows and frames. The defendant testified that the plaintiff agreed to do this work in exchange for the windows. One of his witnesses testified that the value of the one was the equivalent of the other. Another witness said that there was a slight difference in favor of the contractor, possibly, $9 or $15. Under all the circumstances $15 is a liberal allowance to the plaintiff on this item.

Item 15. "200 feet water table, $59.00." There is a difference of opinion among the various witnesses as to whether or not a water table, or moulding to shed the rain water, was indicated on the plans. Some reference was also made by the defendant to the clause of the specifications hereinbefore quoted under item 8. It appears in evidence that there are 110 feet of water table, and that a charge of 16 cents a foot for labor and material is a fair charge. In view of all the circumstances in allowance of $17.60 on this item is ample compensation.

Item 17. "Changing stairs, $50.00." The extra work claimed in this instance is but the result of defective and improper work by the plaintiff. This item is disallowed.

Item 18. "Profit on extra work at 10 per cent., $180.00." This claim is based upon the right of the contractor to compensation for supervision of the extra work, presupposing that all claims for extra work represent the actual cost of labor and material. Conceding him the right to this item, the amount which he is entitled to is 10 per cent. of the extra work actually proven to have been done, excluding any extra work done under special agreement. The amount actually due under this item is $53.48.

Item 19. "Interest on moneys due, $194.00." Interest of course is to be figured upon such sum as may actually be shown to be due the plaintiff. From the date of the plaintiff's writ, November 1, 1923, to the date of the verdict, April 29, 1925, is practically one year and six months. The amount due him under this item is $156.64.

Item 20. "Laths in store, $120.00." The plaintiff claims that under the

contract all he was required to do was to put one coat of plaster over a brick wall which formed one of the four sides of the store. The defendant's witnesses contend that the specification calls for the lathing of the brick wall and further state that one coat of plaster could not possibly be put on a brick surface without previous furring and lathing so as to "insure first class ceilings and such other surfaces as are to be painted, such as store walls, etc.," as called for on page 3 of the specification. The evidence and reason do not support the plaintiff and so this item is disallowed.

The account between these parties, therefore, as supported by the evidence, which in many instances has been construed most favorably in behalf of the plaintiff, may be summarized as follows:

| | |
|---|---:|
| Amount due plaintiff on contract | $4000.00 |
| Amount expended by defendant for plaintiff | 2567.79 |
| Balance | $1432.21 |
| Amount allowed for loss of rentals | 460.00 |
| Balance | $972.21 |
| Extras admitted by the defendant | 533.26 |
| Balance | $1505.47 |
| Contested extras, as shown by the evidence | 181.60 |
| 10 per cent. commission on admitted and contested extras, except where work is done by special contract (Item 2), total $534.86 | 53.48 |
| Balance | $1740.55 |
| Interest for one year and 6 mos. | 156.84 |
| Net balance due plaintiff | $1897.19 |

The court in this case is satisfied that it has discharged an obligation which it owes to these parties in view of the complex situation developed in the trial before the jury. While counsel for the defendant may still feel, as he argued at length on the hearing of defendant's motion for a new trial, that this is one of the cases where the court has no right to interfere because if it did it would be imposing its judgment as against that of the jury, yet fairness to the jury itself demands a careful review of the mass of claims, counterclaims and figures which the jury was required to sift through and determine with but its memory to rely upon. The defendant, therefore, is granted a new trial unless within three days from the filing of this rescript the plaintiff, in writing, remits all of said verdict in excess of $1897.19.

For Plaintiffs: E. M. Sullivan and John J. Sullivan.

For Defendants: P. W. McKiernan.